UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  | : | Case No.: |
| --- | --- | --- |
| Lori Savage | : | |
| | : | |
| Plaintiff | : | **COMPLAINT** |
| v. | : | |
| | : | |
| Life Insurance Company of North America | : | |
| | : | |
| Defendants | : | |

Plaintiff, Lori Savage, for her Complaint against Defendant Life Insurance Company of North America ("LINA") states as follows:

1. Ms. Savage is an individual who resides in Avon, Maine and who is or was a participant in a long-term disability plan ("the Plan") sponsored by her former employer, Pixelle Specialty Solutions.

2. The Plan is administered pursuant to a group long term disability insurance policy issued by LINA to Pixelle Specialty Solution (the "Policy").

3. LINA was the administrator for all long-term disability claims filed under the Policy.

4. LINA is a foreign company and has its principal location of business in Philadelphia, Pennsylvania.

5. LINA acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations and payments made pursuant to the Policy.

6. Ms. Savage brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has subject

matter jurisdiction over this action, and it may assert personal jurisdiction over LINA because, per ERISA 502(e), LINA undertook to insure an ERISA plan that affected participants in this District.

**Claim for Relief**

7. The Policy provides that LINA render determination as to whether Pixelle will pay long-term disability benefits to participants who are participants under the Plan.

8. Under the Policy, disability is defined as follows:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

9. Ms. Savage stopped working due to chronic bilateral leg pain, knee osteoarthritis, chronic bilateral low back pain without sciatica, chronic pain, traumatic arthritis, cervicalgia, right wrist pain, and chronic left leg pain.

10. Ms. Savage became disabled under the policy on or about June 5, 2020.

11. Ms. Savage has qualified for long-term disability under the Policy.

12. Following the resolution of a lawsuit against LINA concerning Ms. Savage's short-term disability claim, Ms. Savage submitted a claim for long-term disability benefits.

13. LINA never responded to the claim submission.

14. Ms. Savage's administrative remedies are deemed exhausted.

15. Ms. Savage has followed up on various occasions with no success.

16. As a result of the foregoing, Ms. Savage has suffered a loss in the form of unpaid benefits.

17. Ms. Savage is entitled to a judgment against LINA in the amount of the unpaid long-term disability benefits under the Policy and Plan.

18. Ms. Savage is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff, Ms. Savage, requests the Court grant her the following relief from Defendants LINA:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b. An order reinstating her benefits and ordering that they be paid through coverage under the Plan and Policy.

c. Her costs and attorney's fees; and

d. All other relief the Court may deem proper.

Dated: July 31, 2023

/s/ Andrew S. Davis
Andrew S. Davis, Esq.
Davis Law LLC
PO Box 17887
Portland, ME 04112
646.245.9099
andrew@erisabenefitlawyer.com